AUGUSTUS NEWMAN

v.

SARAH C. NEWMAN.

69   187
144   596
| 69   167|
| 56a 529|

1. DIVORCE—*alimony and solicitor's fees pendente lite.* During the pendency of a suit for divorce, the court may rightfully allow the wife alimony *pendente lite* on a proper showing, where she has no means, and also a reasonable sum for her solicitor's fees, and money to enable her to develop her cause of action and bring it to a speedy trial.

2. SAME—*solicitor's fees after the suit is terminated adversely to wife.* After the final hearing of a suit for divorce brought by the wife, upon her bill and cross-bill of the husband, in which the wife is defeated, and her bill dismissed, and a divorce granted to the husband, it is error for the court to require the husband to pay the wife's solicitor's fees.

APPEAL from the Circuit Court of Cook county.

Mr. J. HENRY TRUMAN, for the appellant.

Mr. WILLIAM HOPKINS, and Mr. ARNO VOSS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Sarah C. Newman filed a bill for divorce against her husband, Augustus Newman, in the circuit court of Cook county, on the 17th day of December, 1870.

The bill alleged, as a ground for divorce, willful desertion and absence two years.

At the January term, 1871, the defendant answered the bill, denying the desertion, and charged in his answer that in fact the complainant deserted him at the time she alleged he deserted her. At the same time he filed a cross-bill, praying for divorce in his behalf on the ground of willful desertion, as charged in his answer.

At this same term of court, on application of complainant, the court entered a decree that the defendant should pay complainant, as alimony *pendente lite*, $25 per month from January

10th, and also pay Hopkins & Voss, her solicitors, $50, which decree was complied with by the defendant.

On the 3d day of April, 1872, the cause was tried before a jury, and a verdict rendered in favor of the defendant on both bill and cross-bill. Application was then made by complainant's solicitors for a further sum in liquidation of their fees. This motion was postponed, but a decree was at the time entered granting a divorce to the defendant on his cross-bill, and dismissing complainant's bill. Afterwards, and on the 1st of November, 1872, the court made an order that the defendant forthwith pay to the solicitors, Hopkins & Voss, the sum of $150 for services in defending in the suit brought by the cross-bill. From this judgment of the court the defendant appealed.

Courts of chancery in this State, while a cause for divorce is pending and undetermined, have the right to allow alimony *pendente lite*, on a proper showing, where the wife has no means. *Petrie* v. *The People*, 40 Ill. 343.

Courts of chancery also have the power, where the wife sues for divorce, and a decree is rendered in her favor, to grant her permanent alimony and solicitor's fees. *Armstrong* v. *Armstrong*, 35 Ill. 113.

The law casts upon the husband the duty suitably to maintain his wife according to his ability and condition in life.

In the case of *Wheeler* v. *Wheeler*, 18 Ill. 40, this court, in discussing the liability of the husband to furnish support to the wife, said: "Alimony, as applied to the marital relation, is that maintenance or support which the husband, on separation, is bound to provide for the wife."

In a divorce suit between husband and wife, while the matters in controversy are being litigated, the wife will be presumed to be entitled to support until it is shown, by the result of the trial, that her claim is forfeited. Growing out of, in a great measure, this obligation of the husband to support the wife, is the further provision of our equity jurisprudence that, while the suit for divorce is undetermined, the court may,

upon a proper showing, decree the husband to pay solicitor's fees for the wife, and money to aid her to develop her cause of action and bring it to a speedy trial.

The reason for this is obvious. The obligation to support implies the right of protection from the wrongs of all persons, and the necessary means to enforce such remedies as the laws provide, and where the husband violates the law and his sacred obligations towards his wife, it is but right that he should afford her facilities for vindicating her rights in a court of justice.

But in this case the verdict of the jury demonstrated the fact that the husband was without blame; that the suit of complainant was without foundation. Upon what principle or authority the court could thus compel the defendant to pay $150 to the solicitors of complainant, we are at a loss to understand.

The reason for the rule that required the defendant to pay solicitor's fees to aid the wife to develop a meritorious case previous to the verdict, having ceased, that rule should no longer exist. This position is fully sustained by the authorities.

Bishop, Vol. 2, page 418, says: "That if the wife omits to make any application to the court until after the suit is ended, or if she makes application before, but receives less money than she needs, and if she has failed in the suit, she is then too late to make any, or any further demand.

"The foundation of the rule of the Ecclesiastical Court, it was observed, was, that the wife should be enabled to bring her case to a hearing, and defend herself; and so, up to any time previous to the hearing, the husband was generally liable to have the wife's costs taxed against him, and the court has so far followed the rule; but if the wife has brought her case to a hearing, however, and fails, the husband has never then been made liable to her costs."

In the case of *McCulloch et al.* v. *Murphy*, 45 Ill. 256, where the wife sued for divorce, and, by decree of court, $50 was

paid her solicitors, at the next succeeding term of court application was made by her solicitors for an additional allowance, and made proof that the same had been earned, in reply to which the defendant showed that, since the last term of the court, his wife had returned to him and abandoned the case, This court held that the solicitors should have procured the fees while the suit was being prosecuted, and as the wife had abandoned the suit, their right was gone.

The judgment of the court requiring $150 to be paid by the defendant to Hopkins & Voss will be reversed.

*Judgment reversed.*