# Samuel K. Dow

*v.*

# Ben. Eyster.

1. Husband and wife—*liability of husband for debt of wife.* An action at law can not be maintained by a solicitor, against a husband, who may prosecute or defend an action for divorce for the wife.

2. While it is true, where, by the misconduct of the husband, the wife is compelled to leave his house, she carries with her his credit for necessaries furnished suitable to her condition in life, yet solicitors' fees, for services rendered in the prosecution or defense of an action for divorce, are not recognized as necessaries.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

Mr. F. J. Smith, for the appellant.

Messrs. E. & A. Van Buren, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action, brought by appellant, to recover from Benj. Eyster for professional services rendered for Mrs. Jane E. Eyster, the wife of Benj. Eyster, in a suit for divorce, brought by the former against her husband in 1869.

A trial of the cause was had before the court without a jury, by agreement, and upon the evidence the court rendered a judgment against the plaintiff for costs, to reverse which this appeal was brought.

It appears, from the evidence, that, while the cause for divorce was pending, the appellant obtained an order that the defendant in the action should pay the complainant $30 per month alimony, and also $50 to appellant, the solicitor of the complainant, as solicitor's fees. This order the defendant observed, and the money was paid.

It also appears that the complainant obtained a decree for divorce, which, among other things, provides that "complain-

ant shall henceforth have the care, custody and education of the said Cora and Benjamin Eyster, children of said parties; and it also appearing to the court that the defendant has deeded to one Samuel T. Atwater the real estate in said bill mentioned, in trust for the use and benefit of said complainant and his children. Cora Eyster and William Benjamin Eyster, during her lifetime, remainder in fee to said children, and has also furnished and paid to said Atwater $2000, to be by said Atwater expended in the improvement of said real estate. in lieu of alimony and of dower, it is hereby decreed that the marriage in this case is dissolved without alimony, now or at any time hereafter to be granted, and said complainant is hereby debarred from any right of dower in the lands of said defendant, now or hereafter to be acquired."

While it is true that, prior to the revision of 1874, the statute did not confer express authority on courts to allow alimony, pending an action for divorce, to enable a wife to employ counsel, and otherwise prepare for the trial of her cause, yet it was held by this court, in *Petrie* v. *The People*, 40 Ill. 334, that, in the absence of statutory provision, the court had the power to award alimony *pendente lite*, and money to defray the expenses of the litigation, upon the principle that alimony was an incident to the divorce; and as we had adopted the common law, the right existed as a part of the common law jurisdiction.

When, therefore, the action for divorce was pending, the court had the power to decree alimony *pendente lite*, and money to pay solicitors' fees, and that power in the court was exercised.

In awarding solicitors' fees, the court had all the facts before it necessary to determine the proper amount to be paid. Upon these facts, the court, in the proper exercise of its powers, adjudicated and decreed the payment of the sum of $50 to appellant.

This action of the court must be regarded as final and conclusive.

If appellant was not satisfied with the amount allowed by the court, while the action was pending, or at the time the final decree was rendered, he should have applied to the court and obtained an additional allowance. Having failed to do this, we must hold that he is concluded by the order of the court in the allowance made.

The language of the final decree, prepared by appellant himself, as the solicitor of the complainant, is significant of the fact that the whole question of alimony was definitely and finally settled, and as solicitors' fees may be regarded as a part of the alimony, the decree is conclusive of the whole subject. It is as follows: "It is hereby decreed that the marriage in this case is dissolved without alimony, now or at any time hereafter to be granted."

After appellant obtained a decree of this character, to hold that he could maintain an action at law against the defendant in the divorce suit, for services rendered the wife, would be repugnant to every principle of justice.

But, independent of these considerations, an action at law can not be maintained by a solicitor, against a husband, who may prosecute or defend an action for divorce for the wife.

There are, no doubt, authorities that sustain a contrary doctrine, but the decided weight of authority is in harmony with this view. *Sheldon* v. *Pendleton,* 18 Conn. 417; *Johnson* v. *Williams,* 3 Iowa, 97; *Williams* v. *Monroe,* 18 B. Monroe, 514; *Wing* v. *Hulburt,* 75 Verm. 607; *Parsons* v. *Dorrington,* 32 Alabama, 227; *Morrison* v. *Holp,* 42 N. H. 478.

While it is true, where, by the misconduct of the husband, the wife is compelled to leave his house, she carries with her his credit for necessaries furnished suitable to her condition in life, yet we can not regard solicitors' fees, rendered in the prosecution or defense of an action for divorce, as falling within any well recognized list of articles known as necessaries.

As the judgment of the court was fully justified by the evidence, it will be affirmed.

*Judgment affirmed.*