### Frederick Stein v. George W. Blake.

1.  VERDICT—*Upon Conflicting Evidence.*—Where the evidence is conflicting, it is entirely a matter for the jury to determine where the truth is, and having done so by their verdict, this court will not ordinarily interfere.

2.  HUSBAND AND WIFE—*Liability for Legal Services Rendered the Wife.*—In the absence of an agreement, the husband is not liable for legal services rendered the wife in a suit against him for separate maintenance.

3.  SAME—*The Wife's Right to Protection Pending Suit Between.*— The wife is entitled to protection against the wrongs of all persons, including the husband, and the necessary means to enforce such remedies as the law provides; and where the husband violates the law, and his obligations toward his wife, the law will compel him to afford her the facilities for vindicating her rights in a court of justice.

4.  SAME—*Agreement to Pay the Wife's Solicitor.*—It is within the power of the husband to refuse to pay his wife's solicitor in her suit against him for divorce or separate maintenance, before action of the court on the matter, and compel the solicitor to resort to the power

of the court for relief; but this right may be waived, and the husband may bind himself to pay the solicitor either a stipulated sum or a reasonable amount for his services in the suit.

5. SAME—*Wife's Solicitor's Fees Not Necessaries.*—Solicitor's fees for services rendered the wife, in a suit against her husband for separate maintenance, can not be regarded as falling within the well recognized list of articles known as necessaries.

6. SAME—*Wife's Solicitor's Fees—Statute of Frauds.*—An agreement by the husband to pay the wife's solicitor's fees for services rendered in a suit against him for separate maintenance is not an agreement within the provisions of section 1, chapter 59, R. S., entitled "Frauds and Perjuries," providing that no action shall be brought to charge any person upon a promise to answer the debt of another person, unless the promise is in writing and signed by the party to be charged.

7. EVIDENCE—*Of Wife's Condition Pending a Suit for Separate Maintenance.*—In an action against a husband upon his special promise to pay his wife's solicitor's fees for services rendered in an action against him for separate maintenance, evidence tending to show the poverty and needy circumstances of the wife before and at the time of filing the bill, and the husband's refusal to support her, is properly admissible as tending to show a condition of things that would render it obligatory upon the husband to furnish support for his wife, as well as to pay her solicitor's fees, in obtaining it, and to show that the bill was properly filed.

**Memorandum.**—Assumpsit for legal services. In the Circuit Court of La Salle County, on appeal from a justice of the peace; the Hon. DORRANCE DIBELL, Judge, presiding; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

### APPELLANT'S BRIEF, FOWLER BROS., ATTORNEYS.

Appellant contended that the promise relied upon was within the statute of frauds, and in support of his position cited Blank v. Dreher, 25 Ill. 331; Williams v. Corbett, 28 Ill. 263; Chapin v. Laphan, 20 Pick. (Mass.) 467; Tilleston v. Nettleton, 6 Pick. (Mass.) 467; Loomis v. Newhall, 15 Pick. (Mass.) 159; Nelson v. Boynton, 3 Met. (Mass.) 396; Jackson v. Raynor, 12 Johns. (N. Y.) 291; Birchell v. Neosten, 36 Ohio St. 331.

Where the original debt still subsists, and where the plaintiff has relinquished no interest, or advantage has inured to the benefit of the defendant, it is not an original contract to pay another's debt and must be in writing. Curtiss v. Brown, 5 Cush. (Mass.) 491; Scott v. Thomas, 1

Scam. 58; Denton v. Jackson, 106 Ill. 433; Hite v. Wells, 17 Ill. 88; Chilcote v. Kile, 47 Ill. 88; Durant v. Rogers, 71 Ill. 121; Owen v. Stephens, 78 Ill. 463; Hardman v. Bradley, 85 Ill. 162; Power v. Rankin, 114 Ill. 52.

The statute of frauds is presumed to have been pleaded before a justice of the peace. Comstock v. Ward, 22 Ill. 248; Williams v. Corbett, 28 Ill. 262.

Appellee's Brief, Geo. W. W. Blake and Trainor and Burke, Attorneys.

Appellee contended that Mr. Blake, as solicitor for Mrs. Stein, had a legal method to compel Stein to pay his solicitor's fees, and it is to be presumed Stein knew this; at any rate, Stein's agreement, when he promised to pay his fees out of court, and without being ordered to do so, provided Mr. Blake would wait on him for a time, is such a settlement of a supposed legal liability, at least, as can be enforced in law. Bunting v. Darbyshire, 75 Ill. 408.

To settle or avoid litigation is an object of value. So that if one to whom another is in good faith pressing or suing makes a promise on the strength of which the suit is foreborne or withdrawn, he can be compelled to fulfill it; though it should be afterward shown, or the promisor knew, at the time, that the demand was not well founded in law or in fact. Parker v. Enslow, 102 Ill. 272; Bishop on Contracts, Sec. 57.

And in general terms, the compromise, fairly obtained, of a right at the time doubtful, constitutes a valuable consideration, whatever a subsequent enlightenment may reveal concerning its validity. 79 Ill. 318; 81 Ill. 172; 70 Ill. 96; 9th Brad. 103; 4th Brad. 203.

The value consists in the release from an uncertain position with its anxieties from apparent danger and from inevitable expense and trouble. Bishop on Contracts, Sec. 57.

Mr. Presiding Justice Lacey delivered the opinion of the Court.

The appellee brought suit before a justice of the peace

against appellant to recover for legal services rendered by
him for Theodocia Stein, wife of appellant, in filing a bill
by her against appellant, her husband, for separate main-
tenance. The cause was taken by appeal to the Circuit
Court and was tried by a jury and resulted in a verdict for
appellee for $75, upon which the court rendered judgment.
From this judgment this appeal is taken. The suit for sep-
arate maintenance was compromised by and between appel-
lant and his wife, and was dismissed on written stipulation
signed by each. The right of appellee to recover was based
on an alleged agreement between appellant and appellee,
entered into between them about ten days or a week before
the dismissal of the suit for separate maintenance. There
was a motion made, or proposed to be made, by Mrs. Stein,
for alimony before the supposed agreement, but no petition
sworn to by complainant had been filed.

The appellee testified on trial that in an interview be-
tween him and appellant, the latter promised him that
if he would allow the matter (of the suit) to run a few days
or a week, that he would see Mrs. Stein and fix the matter
up with her and pay appellee's fees. Appellee further tes-
tified that appellant promised, if he would wait, and not
force the order for alimony and solicitor's fees for eight or
ten days, he would pay him his fees, and would fix her all
right. Appellee further testified that he waited the agreed
length of time, and the appellant did not pay him but pro-
cured a stipulation from his client without his knowledge, and
had the case dismissed, and then refused to pay him his fees.
The value of appellee's fees was then proven to be from
$100 to $200, and there was no rebutting evidence in relation
thereto.

It is true appellant denied this alleged agreement in every
particular. The issue as to the promise rested upon their
testimony alone.

It is complained that the verdict was against the weight
of the evidence and should be reversed for that reason. We
are unable to see that such is the case. It was entirely a
matter for the jury to determine which one of the parties it

would believe, and having exercised that right, and having found for appellee, we do not feel authorized to disturb it on that issue for want of evidence to support it. The appellant also relies on the statute of fraud and perjuries, and asked the court to instruct the jury to find for appellant on the issue as presented, and moved to exclude the evidence from the jury, and the court refused to do either.

The appellant claims that the husband, in cases of this character, can not be made responsible to pay the wife's solicitor's fees after the suit is ended, and cites McCulloch v. Murphy, 45 Ill. 256; Dow v. Eyster, 79 Ill. 254; Newman v. Newman, 69 Ill. 167. In the absence of an agreement there can be no doubt but that such is the law. In this case, however, the jury found by its verdict that appellant promised to pay appellee his reasonable fees rendered for his wife. In cases for divorce and in cases for separate maintenance, which are the same in principle, while the suit is pending and being litigated, the "wife will be presumed to be entitled to support." The wife is entitled to protection against the wrongs of all persons, including the husband, and the necessary means to enforce such remedies as the law provides, "and where the husband violates the law and his sacred obligations toward his wife, it is her right that he should afford her facilities for vindicating her rights in a court of justice." Newman v. Newman, *supra*. It would, undoubtedly, be within the power of the husband to refuse to pay his wife's solicitor in a suit in her favor against himself for divorce, or separate maintenance, before action of the court on the matter, and compel the solicitor to resort to the power of the court for relief, but we think that right may be waived by the husband, and he may bind himself by an agreement to pay the attorney, either a stipulated sum or a reasonable sum, for his services in the suit; and such a claim is an enforceable right, and is a moral as well as a legal obligation resting upon him, and it seems no more than reasonable that he may acknowledge it and waive the enforcement of the remedy in the case itself which his wife has against him. And relying on the promise to pay, the solicitor agreed to delay in

behalf of the wife the prosecution of the suit, and did delay it, so that the husband might compromise with his wife and settle the dispute.    This was an additional consideration for the promise.    While there are authorities to the contrary, an action at law can not be maintained in this State by a solicitor against a husband, who may prosecute or defend an action for divorce for his wife.    Dow v. Eyster, 79 Ill. 254. Such claim for solicitor's fees " can not be regarded as falling within the well recognized list of articles known as necessaries."    Ibid.

But services rendered by an attorney for the wife in defending her against a charge of murder was held to be necessaries and recoverable against the husband.    Roberts v. Artz, 38 App. 593.    But while such services are not necessaries there is a recognized obligation for the husband to pay them for the protection of his wife against his own wrongful acts while a suit for separate maintenance is pending, but this obligation must be enforced by the court unless such enforcement is waived by the husband, and he agrees to pay for such services without an order of court for payment.    He should be supposed to know whether he is liable and need not put the attorney to the unnecessary expense of filing a petition and prosecuting him for an order or decree for the same, which would necessarily include the additional costs of obtaining it.    The waiver of such application for alimony would be a direct benefit to the husband in the saving of the expense of increased litigation.

The appellant insists that the case comes within Sec. 1, Chap. 59, R. S., entitled "Frauds and Perjuries," wherein it is provided that " no action shall be brought whereby to charge, etc., etc., any defendant upon any special promise to answer for the debt, default or miscarriage of another person," * * * " unless the promise or agreement on which the action is brought shall be in writing, signed by the party charged therewith," etc.    It is insisted by appellant's counsel that this case falls within the terms of the above statute for the reason the wife is an "other person," and that appellee having given credit to her, and she being

Stein v. Blake.

liable for his fees in the suit for separate maintenance, he can not hold appellant liable on his promise unless it was in writing. We do not think this point can be sustained.

As we have above shown, the husband is liable for solicitor's fees in an action like the one concerning which the supposed promise was made to appellee to pay his solicitor's fees, if only the court had been applied to for an order for allowance therefor. The appellee when commencing the suit may be supposed to have relied on his rights to enforce such payment from appellant by order of court, as well as on the wife, for his fees in prosecuting the case. Therefore appellant, in promising to pay appellee his solicitor's fees, recognized his obligation or liability, and assumed the payment of his own, and not an "other person's" debt or liability. The case, then, does not come within the statute. It is claimed that the statute only allows the solicitor's fees in such cases to be paid to the wife and not the attorney; therefore the attorney could not be the promisee. While this may be so in a sense, yet the court may order it paid for the benefit of her solicitor, and even order it paid *to* him, especially after the services have been rendered, as they had been in the suit for separate maintenance against appellant when the promise was made. It is analogous to a suit against a husband by one furnishing necessaries to his wife. The debt is due to the one furnishing the necessaries although and because the husband owes his wife a support according to her station in life. The services of appellee had been advanced to appellant's wife, and the former was the party to whom the debt at the time of promise was really due.

The instructions were proper; they were given on the hypothesis of appellant's liability on his promise to pay appellee, and as we view the law, were correct, and those refused were properly so refused, as they were offered on appellant's theory of non-liability on the promise to pay appellee solicitor's fees, and as we have seen, were erroneous, and were properly refused.

There was some evidence introduced on the part of ap-

pellee, tending to show the poverty and needy circumstances of appellant's wife before and at the time of filing the bill for separate maintenance, and also tending to show appellant's refusal to support her, to which objections were made at the time, and the admission of which by the court in evidence is claimed here as error. We think it not entirely improper to admit proper evidence on these points as tending to show a condition of things that would render it obligatory on appellant to furnish support for his wife as well as to pay her solicitor's fees in obtaining this support and to show that the bill was properly filed.

There are some parts of the evidence that it would have been proper to exclude, but these were not specifically pointed out to the court, but the evidence objected to as a whole. But even if admitted improperly we think it would not be reversible error.

Seeing no serious error in the record the judgment of the court below is affirmed.