Steger v. Steger.

---

### John V. Steger v. Louisa Steger.

1.  SEPARATE MAINTENANCE—*Fees Pendente Lite—Effect of the Settlement of the Suit upon.*—Although counsel for a wife, who is complainant in a bill for separate maintenance, may obtain an order for the payment of fees *pendente lite*, on making a proper case, yet if the controversy is settled by the parties by the voluntary return of the wife to the husband, and the abandonment of the suit, before counsel has procured such order, his right to it is gone.

**Bill,** for separate maintenance.   Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.   Heard in this court at the October term, 1896.   Affirmed in part and reversed in part.   Opinion filed December 28, 1896.

W. J. LAVERY, attorney for appellant.

HERVEY H. ANDERSON, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On August 11, 1894, the appellee filed her bill against the

appellant, her husband, for separate maintenance, charging against him numerous specific acts of extreme cruelty. In September, 1894, the appellant answered the bill and filed his cross-bill for a divorce from the appellee, which cross-bill was answered by appellee.

Before appellant answered and filed his cross-bill, the Circuit Court ordered him to pay temporary alimony to the amount of $50 dollars a week, and the sum of $100 as solicitor's fee, and it is admitted that such solicitor's fee was paid.

When, at a later day, and on March 18, 1896, appellee's solicitor entered his motion to be allowed a further solicitor's fee, it was made to appear as recited in a *nunc pro tunc* order, entered June 24, 1896, as of March 18, 1896, that the controversy between the parties had been settled, and that the appellee had returned to her husband and was living with him; and thereupon the motion of appellant to dismiss his cross-bill was granted, and his motion to dismiss the original bill was continued for two days, as was also the motion for further solicitor's fees.

On the date to which said motions were continued, the same, together with a motion of appellee's solicitor to vacate the order dismissing the cross-bill, were continued and ordered to be placed on the contested motion calendar of the court.

On May 8, 1896, said motions remaining undetermined, the cause was referred to a master, to hear and report upon the value of the said solicitor's services from the beginning up to April 26, 1896, and as to payments made on account thereof.

The master reported, June 23, 1896, and found that the solicitor's services in the cause were reasonably worth $1,120, and that he had paid out $8, and had received $100, and thereupon the court decreed, on July 28, 1896, t at appellant within ten days, pay the balance of $1,028, found by the master to be due to the solicitor, together with $45 master's fees advanced by appellee's solicitor, and ordered that in default of so paying, execution issue.

Said decree also denied the motion of appellee's solicitor to vacate the order dismissing the cross-bill, and dismissed the original bill, but retained jurisdiction of the cause so far as might be necessary to enforce compliance with the orders concerning the payment of moneys as specified in the decree.

The answer of appellee to appellant's cross-bill was filed November 6, 1895, and from that time until March 18, 1896, when appellee's solicitor moved for further solicitor's fees, no steps appear to have been taken in the cause—at least no order of any kind was applied for or made.

And when the motion of March 18, 1896, was made, it was then brought to the notice of the court that the parties had settled their difficulties outside of court.

In the course of the hearing on the master's report, on July 28, 1896, an affidavit of the appellee, sworn to on March 21, 1896, and filed in the cause on April 27, 1896, was read.

The substance of such affidavit was as follows :

" That affiant has voluntarily returned to reside with her husband, the defendant herein, and is now residing with him. That she abandoned this suit some months ago, and this affiant states that she requested her attorney, H. H. Anderson, on several occasions, to have this suit dismissed, and this affiant has been and is now extremely anxious and desirous and hereby requests that said suit be forthwith dismissed out of court."

It was also made to appear by the affidavit of the appellant filed in the cause on May 7, 1896, that on said March 18, 1896, he, by his solicitor, informed the court that appellee had returned to reside with him, and had abandoned her said suit.

It will thus be seen that the solicitor for whose benefit the allowance of July 28, 1896, was made, had notice, at least as early as the day on which he entered his motion for such allowance, that his client had gone back to live with her husband, and, necessarily, that her right to prosecute her suit against her husband had ended.

May he thereafter keep the suit alive, contrary to' her

will, and prosecute it for the purpose of securing to himself fees which he claims to have earned in the cause?

We held in the recent case of Holmes v. Hamburger, 67 Ill. App. 121, that all orders for alimony or suit money against a husband, party to a divorce suit, are to be made in favor or for the benefit of the wife, herself; and we do not think a solicitor, for the purpose of securing his fees, has the right, in opposition to the wishes of the wife, to prosecute a suit begun by her for separate maintenance or divorce, after she has abandoned it and her right to prosecute it has ceased by her return to live with her husband.

The very ground upon which the allowance for solicitor's fees rests, in such cases, is that the husband has been guilty of the offenses, or some of them, charged against him, and that it is proper and necessary that the wife should be allowed her reasonable solicitor's fees to enable her to make proof thereof.

The reasons why the scandal and injury to public morals and possible disgrace to a family attendant upon making proof of such matters merely to secure fees for counsel should not be permitted, contrary to the will of a wife and her husband who have settled their troubles and gone to live together again in peace and harmony, are happily stated in the opinion of the court in McCulloch v. Murphy, 45 Ill. 256, and appear to us to be as applicable to the case at bar as they there were.

And the conclusion of the court, there expressed, may be advantageously repeated here: "That, although counsel for the wife, who is complainant in a bill for divorce, may obtain an order for the payment of fees *pendente lite*, on making a proper case, yet if the controversy is settled by the parties by the voluntary return of the wife to the husband, and the abandonment of the suit, before counsel have procured such order, their right to it is gone."

In our opinion, all that was done concerning an allowance of solicitor's fees, after appellant dismissed his cross-bill and the court became informed that the parties had gone to living together again, and that the wife had abandoned her suit and wished to have it dismissed, was error.

We will therefore reverse the decree in so far as it directs the payment of any moneys by the appellant, and affirm it in all other respects.

Reversed in part and affirmed in part.