# Mattie Stoner Smith, Defendant in Error, v. Thomas W. Smith, Plaintiff in Error.

1. HUSBAND AND WIFE, § 217*—*when freedom of wife from fault necessary.* A wife must be living separate and apart from her husband without her fault, in order to have the remedy in equity for reasonable support and maintenance provided for in Hurd's Rev. St. 1917, ch. 68, sec. 22 (J. & A. ¶ 6159).

2. HUSBAND AND WIFE, § 217*—*when entry of consent decree improper where wife not found free from fault.* Where, in a separate maintenance proceeding, the question of the right of the wife to separate maintenance had been eliminated, it was improper to enter and subsequently modify a consent decree making certain provisions for the wife and providing for the custody and support of the children, and therefore a petition by the defendant for a modification of the decree was likewise improper.

3. HUSBAND AND WIFE, § 252*—*when disposition of custody of children not in power of court.* The question of separate maintenance having been eliminated from the decree in a separate maintenance proceeding, the right of the court to make orders concerning the custody of the children did not exist, as the court could by virtue of the statute only make orders concerning such custody during the pendency of the suit, or upon a final decree where such separate maintenance was decreed.

4. EQUITY, § 453*—*how consent decree impeached.* A consent decree can only be impeached by an original decree in the nature of a bill of review, and not by a petition for a modification thereof.

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919.

HUGH W. HOUSUM and FRED HAMILTON, for plaintiff in error.

MCDAVID & MONROE, for defendant in error.

MR. JUSTICE WAGGONER delivered the opinion of the court.

Mattie Stoner Smith, the defendant in error, filed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a bill for separate maintenance in the circuit court of Macon county, at the January term, 1914, against the plaintiff in error, Thomas W. Smith. She afterwards filed an amended bill for separate maintenance, charging the plaintiff in error with drunkenness, ill-treatment and a failure to support her and their three children. The prayer of the amended bill was that the defendant might be compelled to provide separate maintenance for the complainant and said three children; that he be compelled to deliver possession of the premises occupied by him at that time and in which the parties had previously resided; that he be required to pay reasonable solicitor's fees, and that the complainant have the care, custody and education of the children. The defendant answered denying that his wife was living separate and apart from him without her fault and all other material allegations in the amended bill, but alleged that it was the fault of the wife and that she was not entitled to relief and separate maintenance. No evidence was offered in support of the issues made by the amended bill and the answer thereto. A decree rendered June 15, 1914, recites that "it further appearing to the court that by a certain agreement entered into in writing between complainant and defendant under date of May 20, 1914, their property rights were adjusted and it was agreed, between complainant and defendant, that a consent decree might be entered in this cause, providing that defendant should pay the outstanding debts of the complainant and defendant; that all household goods in the homestead premises should be the property of the complainant; that the custody of the children of the complainant and defendant should be given to the complainant, and that the defendant should pay to the complainant for the support, maintenance and education of their said three children, the sum of fifteen dollars ($15.00) per month until further order of the court," and then follows the orders in accordance with the above recitals.

There is no finding in the decree that the complainant is living separate and apart from her husband without her fault. She must be so living in order to have the remedy in equity for reasonable support and maintenance provided for in section 22, ch. 68, Hurd's Rev. St. 1917. *Johnson v. Johnson*, 125 Ill. 510; *Raab v. Raab*, 150 Ill. App. 554 (558); *Stidum v. Stidum*, 164 Ill. App. 261 (266). No question has been raised as to the validity of the original decree. In the case of *Thomas v. Thomas*, 250 Ill. 354, wherein a bill was filed for divorce and a cross-bill asking for the custody of children only, the court said: "So far as the children are concerned, a court can, by virtue of the statute, only make orders concerning their custody during the pendency of the suit, or upon a final hearing where the divorce is decreed. * * * Neither a want of harmony between a husband and wife relating to the management of their children, nor the right of either to their custody, control, support or education, involves any equitable title or question of an equitable nature. The principles upon which equitable powers are exercised do not sustain the claim that a husband and wife may litigate with each other in a court of equity over the question which one shall have the custody of their children."

The above-mentioned decree was on June 9, 1915, by consent of parties, modified so that the complainant and her three children were given the right to remove to the State of Texas to live, and the defendant required to pay her ninety dollars every six months instead of fifteen dollars each month, as provided in the original decree, for the support of the children. On December 9, 1916, complainant filed a petition for a rule on the defendant to show cause why he should not be attached for contempt in failing to make the payments for the support, maintenance and education of the children which he had been required to make.

Smith v. Smith, 214 Ill. App. 302.

Defendant answered this petition and filed a petition to modify the decree that required such payments to be made, alleging that his consent to such decree had been procured by constructive fraud. These two petitions were, by the respective parties, amended and the cause finally heard upon the issues made under them. On November 8, 1917, a decree was entered dismissing both petitions for want of equity.

The plaintiff in error (defendant) has brought the case to this court and contends the circuit court should have found that there was constructive fraud in procuring his consent to the modification of the decree entered June 15, 1915, and modified the same. The original decree should not have been entered or modified, nor should the petition to modify in question have been granted. Consent decrees should be made only in respect to rights which are proper subjects for litigation. No such rights existed, in this case, after the question of the right of the wife to separate maintenance had been eliminated. Furthermore, a consent decree can only be impeached by an original bill in the nature of a bill of review, and not by a petition for a modification thereof. *Krieger v. Krieger*, 221 Ill. 479 (485); *Hohenadel v. Steele*, 237 Ill. 229 (234).

Decree dismissing petition to modify former decree will be affirmed.

*Affirmed.*