## Gottfried O. Mayer, Appellee, v. Ruth Mayer, Appellant.

### Gen. No. 42,221.

Opinion filed November 17, 1943.   Rehearing denied December 8, 1943.

ZIMMERMAN & NORMAN, of Chicago, for appellant; EDWARD A. ZIMMERMAN, of Chicago, of counsel.

FREDERICK C. JONAS, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a divorce action by a husband with a counterclaim for separate maintenance. The trial court found that the parties had been reconciled since the filing of the suits, and of its own motion dismissed the wife's cross-complaint, and on the husband's motion dismissed the complaint. The appeal is prosecuted on behalf of the wife. Her counsel made a motion to vacate the decree and incorporated in the motion by reference a verified petition of defendant, in which she admitted resumption of marital relations since the suits were filed. The petition claimed that the complaint should not have been dismissed except with findings that plaintiff's charges were unfounded, and counsel argued that point in the trial court and does so here.

The questions raised are whether the court erred in dismissing plaintiff's action without cross-complainant's consent; whether it should have done so without finding that the charges were unfounded; and whether it should have set aside the decree to hear the question of the wife's attorneys' fees and expenses.

After the main pleadings were filed, plaintiff filed a petition asking the court to determine the question of custody and alimony. Defendant answered the petition asking for custody of the children, support and attorneys' fees. Subsequently, plaintiff dismissed his petition and thereafter made a motion to dismiss both actions, in support of which he filed his affidavit stating that the parties had reconciled. The verified petition of defendant, filed at the time of the hearing on plaintiff's motion, asserted the reconciliation was not in good faith and stated that she had resumed marital relations on the strength of plaintiff's broken promises that he would dismiss his action "with prejudice" and pay her attorneys' fees and expenses; that she had received only $250 for attorneys' fees on a preliminary custody issue, which sum had been used for her personal expenses; that she had withdrawn from their home; and asked for denial of the dismissal motion, except with findings that the charges were unfounded, and for attorneys' fees, expenses and a restraining order.

At the final hearing on the dismissal motion, defendant denied the parties were living together, but the record indicates that the court heard otherwise from the parties on the previous day, and we have read defendant's admission in her verified petition. The court found the parties were reconciled up to the time of the hearing, living together with their children and holding themselves out as husband and wife.

Counsel for defendant and cross-plaintiff argue that under ch. 110, par. 176, Ill. Rev. Stat. [Jones Ill. Stats.

Ann. 104.052], the court erred in dismissing plaintiff's complaint without the former's consent. Under the circumstances here the point has no merit, for the wife's cross-action fell with the reconciliation. Counsel says the record does not sustain a finding of reconciliation. We believe there is ample basis for such a finding. He argues that the reconciliation was conditional. Every one is. He argues that equity, good conscience, public policy and good morals, require dismissal of the complaint only on a finding that the charges are unfounded, thus restoring defendant's good name and saving her from a repetition of the charges. The court had no alternative to dismissing the actions, findings could not be made without a hearing, and the reconciliation condoned the charges with the implied condition.

On the question of fees, counsel for defendant contends that plaintiff should not be permitted to cause defendant to incur fees and expenses and then defeat her right to reimbursal by dismissing his action. Fees are sought for the cross-action as well as for defense. The finding of reconciliation raised the bar to the cross-action. (*Smith v. Smith*, 214 Ill. App. 302; *Klemme v. Klemme*, 37 Ill. App. 54), and there was no right in ·cross-plaintiff to fees therefor. *Newman v. Newman*, 69 Ill. 167; *McCulloch v. Murphy*, 45 Ill. 256 and *Steger v. Steger*, 67 Ill. App. 533. As to the matter of fees and expenses for defending plaintiff's action, counsel by hesitating to press defendant's requests for fees before dismissal of the complaint, lost the opportunity. *Anderson v. Steger*, 173 Ill. 112; *Druce v. Druce*, 313 Ill. App. 169.

We believe the trial court acted properly in refusing to set aside the decree for the purpose of making findings or determining fees. It appeared that the family through forgiveness had come together. The court's concern over the instant proceeding properly ceased with the reconciliation.

For the reasons given the decree is affirmed.

*Decree affirmed.*

Burke, J., concurs.