256 McCulloch *et al.* v. Murphy. [Sept. T.,

Syllabus. Opinion of the Court.

# David McCulloch *et al.*
## *v.*
## John Murphy.

1. DIVORCE— *attorneys' fees.* Where a wife sues for a divorce, her counsel may, on proper showing, during the pendency of the suit, obtain an order against the husband for fees *pendente lite.*

2. After a wife has voluntarily returned to her husband, and abandoned her suit for divorce, her counsel cannot obtain an order for fees against the husband.

WRIT OF ERROR to the Circuit Court of Peoria county ; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

This was originally a suit brought by Eliza Murphy against John Murphy, defendant in error, for divorce and alimony. The bill charges extreme and repeated cruelty. The complainant having returned to her husband and abandoned her suit, her counsel, the plaintiffs in error, filed their petition for additional attorneys' fees. The defendant appeared and resisted said motion, and moved to dismiss the proceeding. The motion for additional fees was denied, and the bill for divorce dismissed. The case was brought to this court by writ of error.

The facts fully appear in the opinion.

Messrs. McCulloch & Taggart, for the plaintiffs in error.

Messrs. Johnson, Hopkins & Cratty, for the defendant in error.

Mr. Justice Lawrence delivered to opinion of the Court:

Eliza Murphy filed her bill for a divorce against her husband, John Murphy, at the February Term, 1867, of the Peoria Circuit Court, McCullock and Taggart, the plaintiffs in error herein, being her counsel. At the same term they made a motion for alimony *pendente lite,* and counsel fees, and the court thereupon ordered that the defendant pay fifty dollars

per month to the complainant for her support, and fifty dollars as fees for counsel. This order was obeyed, and the counsel received that sum. The defendant at the same time was allowed until the 1st day of the next term to answer. At the June Term McCulloch & Taggart made a motion and filed a petition for the payment of additional fees by the defendant. The petition averred the performance of much professional labor in the case, for which the fee allowed at the February Term, was alleged to be a very inadequate compensation, and that the petitioners were ready to proceed with the cause, but the complainant had, since the filing of the bill, returned to live with her husband, and given them no further instructions in regard to the suit. They further state, that they would have been able to prove the allegations of the bill if the case had progressed, and that on the hearing a divorce would have been granted as they believed, and large alimony and counsel fees allowed. The defendant filed an answer to this petition, setting forth that his wife had voluntarily returned to him, and had waived all causes of divorce. He also filed the affidavit of his wife to the same effect, and further stating that she desired the bill for divorce to be dismissed. The defendant on these affidavits moved that the court dismiss the bill. The case coming on to be heard upon these motions, the counsel offered to prove the allegations of their petition. The court refused to hear the evidence, and dismissed the bill of complainant, and the petition of her counsel. The latter have brought the record here.

The plaintiffs in error insist that the complainant could not, by condoning the causes of divorce and returning to her husband, take from them the right to a reasonable compensation for their services, and that such compensation, under the practice of courts of chancery, was equitably due from the defendant, and would have been decreed against him on a final hearing. They further insist that the recognition of this right by the court, in such cases as the present, is necessary in order to enable married women who have just causes of divorce to secure the aid of competent counsel.

That the claim of plaintiffs in error has a good deal of equity, and their argument, as elaborated by them, a good deal of force, cannot be denied.

It is said, in reply, that the counsel fee ordered to be paid to them at the February Term, and actually received by them, must have been intended by the court to cover all services theretofore rendered, or which, in contemplation of law, might be rendered before the next term of court, when the defendant was to file his answer, and the sufficiency of the amount ordered is not the subject of review in this court. We are inclined to consider this position correct; but there is also another answer to the argument of plaintiffs in error which, in our judgment, is perfectly conclusive.

They base their equity on the theory, that the defendant had committed offenses against his wife which entitled her to a divorce, and that the court would have given her a decree, with fees to her counsel, to be paid by the defendant, if the case had progressed to a final hearing upon the merits. If it should appear the husband was really guiltless of offense, the bill should never have been filed, and there could be no pretense for decreeing him to pay the fees for a groundless prosecution against himself. Acting upon this theory, the plaintiffs in error averred in their petition, and offered to prove on the hearing of the motion, that the allegations in the bill for divorce were true. If the court had entertained the motion, defendant would have been entitled to file an answer defending against these allegations, and under the collateral issue thus raised upon this motion, the entire case would have been opened to full hearing, against the wishes and protestations of the parties thereto.

The consequence, then, of permitting this practice, would be, that family discords and difficulties which the parties themselves, influenced by a spirit of forgiveness or a love of their common offspring, might desire to bury in oblivion, would have to be made the subject of a public trial, in order to determine whether counsel should receive payment of their fees. The charge in this bill was cruelty, but suppose it had

been adultery. Can a court of chancery adopt a practice by which, for the sake of securing fees to counsel, a husband and wife can be compelled, against their will, to enter upon the trial of such a charge, with all its scandalous details laid bare, often to the injury of public morals, and bringing disgrace and shame upon innocent children, and perhaps leaving upon them the stain of probable illegitimacy? This question admits of but one answer, and, although the objection to compelling parties, against their will, to enter upon a public trial of the state of their marital relations, may be greater in some cases than in others, it exists in all in greater or less degree, and a common rule must be applied to all.

Moreover, although in our State divorces are easy of attainment, yet it is the duty of the courts to promote, as far as possible, a peaceful adjustment of these difficulties. The adoption of this practice would evidently interpose a serious obstacle to such adjustment.

Our conclusion is, that, although counsel for the wife, who is complainant in a bill for divorce, may obtain an order for the payment of fees *pendente lite*, on making a proper case, yet, if the controversy is settled by the parties by the voluntary return of the wife to the husband, and the abandonment of the suit, before counsel have procured such order, their right to it is gone. They should have procured the order while the suit was being prosecuted, and if they fail to do so, their application will be too late. The decisions in the courts of Kentucky, cited by plaintiffs in error, rest on the peculiar provisions of the statute of that State.

*Decree affirmed.*