## ANDREW M. RORKE

v.

## AUGUSTA GOLDSTEIN.

APPEAL—*one not a party can not appeal.* One not a party to a judgment rendered by a justice of the peace, and who was not served with process issued by the justice, can not appeal from such judgment to the circuit court, even though of the same name with the party actually sued, and if such a party appeals, his appeal will be dismissed.

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ANDREW M. RORKE, *pro se.*

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was commenced by Augusta Goldstein before a justice of the peace of Cook county, against Louis Hoffman and *Michael Andrew* Rorke, on an appeal bond. The summons was returned indorsed by the constable as " served on the within named defendant, *Andrew* Rorke," and "not found" as to the other defendant. Judgment was thereupon rendered in favor of the plaintiff and against *Andrew* Rorke. Within twenty days from the date of this judgment, *Andrew M.* Rorke, a son of *Michael Andrew* Rorke, filed an appeal bond, with sufficient sureties, in his own name, for the prosecution of an appeal upon this judgment, with the clerk of the circuit court of Cook county. A transcript of the proceedings before the justice of the peace was filed in the clerk's office and the cause docketed in the circuit court as " Augusta Goldstein *v. Andrew M. Rorke sued by the name of Andrew* Rorke." In due time the cause came on for trial in the circuit court, and evidence was given on both sides, when it seems, for the first time, to have been discovered that the party appealing and defending in the circuit court was not the party sued and against whom the judgment was rendered before the

justice of the peace, whereupon, on motion of plaintiff's attorney, the appeal was dismissed. *Andrew M. Rorke* appeals from that judgment of the court, and insists that it was erroneous. He argues that, inasmuch as issue was joined and evidence heard, he was entitled to have a judgment, however irregularly the case may have gotten into the circuit court.

It is very clear that *Andrew M. Rorke* could not prosecute an appeal upon the judgment rendered by the justice of the peace. He was no party to it, and it in nowise concerned him. Had any attempt been made to enforce the judgment against him, the party so attempting would have rendered himself liable as a trespasser. The judgment was not even against a person of the same name, but even if it had been, it could have made no difference. It would, under all circumstances, have been competent for him, in resisting any attempt to affect him by the judgment, to have shown that another, and not himself, was served with process, and was the defendant in the judgment.

There are many names common to a large number of individuals.

The absurdity is surely not contended for that, when one of these is sued, and judgment is obtained against him, all the others are parties to the judgment.

No one has a right to appeal from a judgment who is not in fact a party to it.

The circuit court might probably have taken jurisdiction of this case, as an original suit, by consent of parties, but the facts rebut this hypothesis. No original suit, either with or without process, was attempted to be brought before the circuit court. The attempt was to appeal from a judgment of a justice of the peace by a person not a party to the judgment. The issue in the circuit court, although the trial was *de novo*, could not have been between different parties than those to the issue before the justice of the peace.

The appeal was properly dismissed and the judgment below must be affirmed.

*Judgment affirmed.*