LOUISA STEGER

*v.*

JOHN V. STEGER.

*Announced orally at Ottawa March 6, 1897.*

1. APPEALS AND ERRORS—*right of appeal is limited to parties to suit.* The right of appeal is statutory only, and by section 90 of the Practice act, as amended in 1877, (Laws of 1877, p. 153,) is limited to parties to the suit.

2. SAME—*act concerning solicitor's fees in divorce suits is for the wife's benefit.* The provision of the Divorce act, which also applies in separate maintenance, (Rev. Stat. 1874, p. 421, sec. 15,) concerning the wife's solicitor's fees, is for the wife's benefit, and if she refuses

to appeal from an order disallowing such fees her solicitor is not entitled to appeal, though he gives her an indemnity bond.

3. SAME—*advancing of master's fees by solicitor does not entitle him to an appeal.* The fact that the solicitor for the wife in an action for separate maintenance had advanced the master's fees does not give him the right to appeal from an order of the court refusing to require the husband to pay the money so advanced.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

H. H. ANDERSON, for appellant.

W. J. LAVERY, for appellee.

Mr. JUSTICE CARTWRIGHT announced the opinion of the court:

Louisa Steger was complainant in a bill for separate maintenance filed in the circuit court of Cook county against her husband, John V. Steger, the appellee. On her motion temporary alimony was allowed to her, including a solicitor's fee of $100, which was paid to Hervey H. Anderson, her solicitor. The parties afterward, before a hearing, settled their marital difficulties and the complainant returned to her husband. Said solicitor for complainant then entered a motion for an additional allowance of solicitor's fees, and there was a cross-motion by the defendant to dismiss the bill of complaint. On a hearing of these motions the court dismissed the bill, but ordered the defendant to pay to the clerk of the court, for the use of complainant, $1028 as an additional solicitor's fee and $45 master's fee which said solicitor had paid, making $1073, which the clerk, when paid to him, was ordered to pay over to said solicitor. From this decree the defendant appealed to the Appellate Court for the First District, and that court affirmed the decree except as to the payment of any moneys by John V. Steger, the

defendant in the bill and appellant in that court, and in so far as it directed such payment by him it was reversed. The record of the Appellate Court shows that Louisa Steger refused to take any appeal from that judgment, and an order was made allowing the solicitor, Hervey H. Anderson, to appeal in her name, on giving bond and a bond of indemnity to her. These bonds were filed, and afterward the court granted an appeal to the solicitor in his own name. Appellee moves to dismiss the appeal, on the ground that Anderson was not a party to the suit in the circuit or Appellate Court and had no right to appeal.

The right of appeal is sought to be sustained, on the ground that the solicitor had an interest in the decree, and that this court entertained a writ of error in *McCulloch* v. *Murphy*, 45 Ill. 256, sued out by the solicitors of Mrs. Murphy. In that case there was a joinder in error, and no question was made or decided as to a right of appeal. It is not authority upon that question. The right of appeal exists only by virtue of the statute, and has no existence apart from it. Section 90 of the Practice act, which gives and regulates the right, provides that "any party to such cause shall be permitted to remove the same to the Supreme Court by appeal," upon certain conditions. Anderson was not a party to the suit, and no right was given to him by this statute to appeal.

The court. was authorized to grant an allowance to appellee to enable her to prosecute her suit "as in cases of divorce." Section 15 of the Divorce statute authorizes the court to "require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit." The allowance authorized is to the wife, and to be paid to her or for her use. So far as the master's fees are concerned, the solicitor who paid them has no more right of appeal than the master would have had if not paid to him. It will hardly be claimed that the master could have appealed. If he could, then each

witness and every officer to whom fees were due and un-paid in a divorce suit could have an appeal from a refusal to compel the defendant to pay money to the complainant sufficient to pay him. The solicitor's fee is on the same footing as any other expense of maintaining or de-fending the suit. The right given by the statute is in the wife, and the case does not come within any rule authorizing an appeal against her will. She has control of her own suit. *McCulloch* v. *Murphy, supra.*

The rule that the right of appeal is limited to parties to the suit is declared in the following cases: *Rorke* v. *Goldstein,* 86 Ill. 568; *Hesing* v. *Attorney General,* 104 id. 292; *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald,* 150 id. 394.

The motion is sustained and appeal dismissed.

*Appeal dismissed.*