# HERVEY H. ANDERSON
## *v.*
# JOHN V. STEGER *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 8, 1898.*

1. APPEALS AND ERRORS—*appeals and writs of error distinguished.* A writ of error was a writ of right at common law and may generally be prosecuted as a matter of right in all civil cases, while an appeal is a purely statutory right, which may be exercised only in such cases and by such parties as are authorized by statute.

2. SAME—*appeal can be prosecuted only by parties to suit.* An appeal can be prosecuted only by a party to the suit, as it is only to such parties that the statute extends the privilege.

3. SAME—*restrictions as to parties to appeal do not extend to writs of error.* The right to a writ of error having been by our statute extended to chancery cases without restriction, the writ should be regarded as at common law, and should not be subject to limitations or restrictions as to parties not imposed by common law.

4. SAME—*who may prosecute writs of error.* A writ of error may be prosecuted by a party or privy to the record, or by one who is injured by the judgment or who will be benefited by its reversal, or who is competent to release error.

5. SAME—*solicitor may prosecute writ of error to review judgment reversing decree for solicitor's fees.* An attorney who has acted as the wife's solicitor in separate maintenance proceedings, which were settled before final decree by the wife's return to her husband, may prosecute a writ of error to review a judgment of the Appellate Court reversing a decree of the circuit court ordering the husband to pay such attorney his fees for services as the wife's solicitor.

6. SEPARATE MAINTENANCE—*court may allow solicitor's fees as in cases of divorce.* By section 1 of the Separate Maintenance act, as amended in 1891, (Laws of 1891, p. 164,) the court may grant allowance to enable the wife to prosecute her suit as in cases of divorce.

7. SAME—*provision for granting allowance is for the wife's benefit.* The provision of the statute (Rev. Stat. 1874, sec. 15, p. 421,) under which an allowance may be granted to enable the wife to prosecute a suit for divorce or separate maintenance is in the wife's favor, as she cannot bind her husband to pay her counsel, and may be unable to prosecute her suit without the assistance of the court.

8. SAME—*allowance is for the wife, and not for parties performing services.* All motions for allowance under the statute concerning divorce and separate maintenance must be in the wife's name, and the allowance must be made to her and not to the parties whom she has employed, and the court has no power to make an allowance in favor of such parties.

9. SAME—*solicitor's fees in separate maintenance are on the same footing as other expenses.* The allowance which the court may grant the wife in suits for divorce and separate maintenance is designed to meet all just and reasonable expenses which she may incur, including solicitor's fees; but such fees are on no different footing from other proper expenses.

10. SAME—*extent to which solicitor may perform services in anticipation of an allowance.* In suits for divorce or separate maintenance the wife's solicitor may prepare the bill and render such services as are necessary to present her application for allowance to the court, but further than is necessary to present the question to the court the solicitor has no warrant for performing services upon the credit of the husband in anticipation of an allowance.

11. SAME—*if suit proceeds to final decree wife's solicitor is entitled to fees earned.* Where a suit for divorce or separate maintenance by the wife proceeds to a successful final decree, it is proper to include in the wife's allowance the amount of her solicitor's fees earned in the prosecution of the suit.

12. SAME—*statute concerning allowance contemplates that provision be made in advance.* The statute concerning the wife's allowance in separate maintenance contemplates that provision shall be made for expenses in advance, and that when further money is necessary she shall apply to the court for an order on the husband compelling him to pay such sum as may be necessary to enable her to further prosecute the suit.

13. SAME—*performance of services in anticipation of allowance creates no liability against husband.* Where a solicitor acting for the wife in separate maintenance has received the amount allowed the wife for temporary solicitor's fees, but before final decree the wife settles the controversy, abandons her suit and returns to the husband, the husband is not liable for the services rendered by such solicitor in anticipation of an allowance on final decree.

*Steger v. Steger*, 67 Ill. App. 533, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

HERVEY H. ANDERSON, *pro se.*

W. J. LAVERY, for defendant in error John V. Steger.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Louisa Steger, who appears on the record in this court as one of the defendants in error, became a complainant in the circuit court of Cook county August 11, 1894, by filing her bill against her husband, John V. Steger, the other defendant in error, for separate maintenance. On her petition an order was made requiring him to pay her $40 per week as temporary alimony and $100 as solicitor's fees to enable her to prosecute her suit, which solicitor's fees were paid to her solicitor, Hervey H. Anderson, plaintiff in error. The bill was answered and a cross-bill for divorce was filed by said John V. Steger. The cross-bill was answered, after which no further proceedings occurred in court until March 18, 1896, when the cause was called for hearing, and it was suggested to the court by counsel for each side that it was claimed the controversy had been settled and the complainant in the original bill had returned to her husband. Counsel for John V. Steger accordingly moved the court to dismiss his cross-bill and the original bill of his wife. Plaintiff in error moved that he be allowed time to make inquiries in the matter, and made a motion in his own behalf for the allowance of additional solicitor's fees for the services he had rendered to Mrs. Steger. The court dismissed the cross-bill, but continued the motion to dismiss the original bill and the motion for allowance of solicitor's fees. On March 20, 1896, plaintiff in error moved that the order dismiss-

ing the cross-bill be set aside. On May 8, 1896, on motion of plaintiff in error, a reference was ordered to a master in chancery to take testimony and report the value of his services rendered to Mrs. Steger from the date of his engagement up to April 26, 1896. The master reported that the services of plaintiff in error were worth $1120, that he had paid out $8 and received the $100 allowed by the court. The master charged $45 for his fees on this report, and they were paid by plaintiff in error. On July 28, 1896, the motions were considered and the court refused to set aside the order dismissing the cross-bill, but ordered John V. Steger, defendant in the original bill, to pay to the clerk of the court, for the use of plaintiff in error, within ten days, $1028 for fees and $45 for master's fees advanced as aforesaid, which sums the clerk was ordered to pay plaintiff in error. The original bill was dismissed at cost of complainant, but the decree recited that the court retained jurisdiction to enforce compliance with the orders for the payment of money. From that decree John V. Steger prosecuted an appeal to the Appellate Court, where the decree was reversed in so far as it directed the payment of any money by him to the clerk to be paid over to plaintiff in error, and it was affirmed in all other respects. Mrs. Steger refused to take an appeal from the judgment of the Appellate Court, and that court allowed an appeal in her name to plaintiff in error on his giving a bond of indemnity to her, and also allowed him an appeal in his own name. The appeal was dismissed by this court on the ground that plaintiff in error was not a party to the suit and had no right to an appeal, and could not appeal against the will of his client, in her name. (*Steger* v. *Steger*, 165 Ill. 579.) Defendant in error John V. Steger has entered his motion in this case to dismiss the writ of error on the same grounds on which the appeal was dismissed, and this motion brings up the question whether the same restrictions apply to a writ of error as in case of appeal.

A writ of error was a writ of right at the common law, and, as a general rule, may be prosecuted as a matter of right in all civil cases. (*Unknown Heirs of Langworthy* v. *Baker*, 23 Ill. 484; *Hammond* v. *People*, 32 id. 446; *Haines* v. *People*, 97 id. 161; *McIntyre* v. *Sholty*, 139 id. 171; 7 Ency. of Pl. &'Pr. 826; Shinn's Pl. & Pr. sec. 1038.) An appeal, on the other hand, is a purely statutory right created by statute in connection with the constitution, and must be exercised in such cases, upon such conditions and by such persons as are authorized by statute. The statute confers new rights and prescribes a remedy unknown to the common law, which must be strictly pursued. (*Lewis* v. *Shear*, 93 Ill. 121; Shinn's Pl. & Pr. 1013.) The term itself was unknown to the common law, and belonged wholly to the civil law and courts of chancery, and an appeal was the exclusive remedy for the review of chancery causes, to which class the suit for separate maintenance in this case belongs. There was for a long time great doubt and difficulty with respect to the mode of reviewing the decrees in equity of the Lord Chancellor, but, after a parliamentary struggle of much violence, it was established in the reign of Charles II that appeals would lie from them to the House of Lords. While a writ of error is a process of common law origin, which brought up for review only errors of law excepted to on the trial, and was the common law method of reviewing judgments at common law, an appeal removed the entire cause to the higher court, to be tried *de novo* on its merits, just as though it had never been tried in the inferior court, and was the method of reviewing chancery causes. By our statute the right of appeal is extended to common law causes and the right to a writ of error to chancery causes, and the technical distinction between the practice in the court of review in cases of appeal and writs of error is not observed, but if the suit follows the course of the common law it is reviewed for error, and if it is in the nature of a chancery cause it is considered upon

the merits.   If it is an appeal, however, it must be by a party to the suit, because it is only to parties that the statute extends the privilege of an appeal.   *Rorke* v. *Goldstein*, 86 Ill. 568; *Louisville, Evansville and St. Louis Railroad Co.* v. *Surwald*, 150 id. 394; *Hesing* v. *Attorney General*, 104 id. 292; *Steger* v. *Steger, supra.*

The question whether the restrictions provided by statute as to appeals were equally applicable to a writ of error was first considered in 1830, in *Clark* v. *Ross*, Breese, 334, and it was then held that the same rules applied to a writ of error as to an appeal, and that the writ would lie only where an appeal would lie.   In 1832, in the case of *Bowers* v. *Green*, 1 Scam. 42, the former decision was overruled.   It was said that a writ of error was a writ of right at common law, applicable to all cases, and the only method to remove a cause from an inferior court of record to a superior court; that an appeal ought to be considered a cumulative remedy; that restrictions upon the right to use the remedy of appeal could not, with propriety, be extended to the other mode of redress by a writ of error, and the writ should be given the same scope as at common law.   We think that the same rule should apply here, and that where the right to a writ of error is extended to chancery causes, as it has been by our statute without restrictions, it is to be regarded the same as at common law, and should not be subject to any limitations or restrictions as to parties not imposed by the common law. If, therefore, plaintiff in error could have sued out a writ of error at the common law upon a like interest, the motion to dismiss should be denied.

At common law the person entitled to a writ of error must be a party or privy to the record, or be one who is injured by the judgment or will be benefited by its reversal or competent to release error.   Plaintiff in error was not a party to the record.   "By privies, within the meaning of the rule, are meant heirs, executors, administrators, *terre* tenants, or those having an interest in re-

mainder or reversion, or one who is made a party by the law." (7 Ency. of Pl. & Pr. 857.) Plaintiff in error does not occupy a position of that kind. The decree of the circuit court, however, amounted, in effect, to an order that the defendant, John V. Steger, should pay to plaintiff in error $1073, and the judgment of the Appellate Court reversed the decree. Plaintiff in error was injured by that judgment of the Appellate Court and would be benefited by its reversal to that amount, and we are therefore inclined to the opinion that he is entitled to sue out the writ of error to review that judgment, and the motion to dismiss the writ is denied.

The statute under which the original bill was filed by Louisa Steger provided that the court might grant allowance to her to enable her to prosecute her suit as in case of divorce. The provision of the divorce statute is as follows: "In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her use, during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit." (Rev. Stat. sec. 15, chap. 40.) This provision is in favor of the wife, so she may be able to present her cause to the court, to employ counsel and to make proper preparations for trial. She cannot bind her husband to pay her counsel, and may be unable to prosecute her suit without the assistance of the court, and if her bill shows a meritorious cause of action and there is a showing of good faith on her part the court will extend its aid under that statute. (*Harding* v. *Harding*, 144 Ill. 588.) The allowance, when made, is designed to meet all just and reasonable expenses to which she may be put, including the fees of officers and witnesses, taking depositions, expenses in attendance upon court and the services of her solicitor; and the fees of such solicitor are on no different footing from any other expenses which she may properly incur. The allowance is for her, and not for the officers or witnesses, the commissioners who may take

depositions or the master who may perform services. So far as such expenses are concerned, if such costs are not paid the claim of the officer or witness is against her; and it would not be proper for the court to make orders in favor of such parties against the defendant, so as to bring into the suit all those parties, and give each one a separate writ of error in case the court should refuse to order defendant to pay his fee. Any motion for allowance under the statute must be in her name, and the allowance is to be made to her, and not to the party whom she employs. When collected, she may apply it as may be necessary for the prosecution of her suit. The right being in her, the decree of the circuit court should not, in any event, have been in favor of her solicitor, but should have followed the statute and required the money to be paid to her or to the clerk for her use. The Appellate Court would have been justified in reversing the decree for that reason, but it is also erroneous for other reasons.

The provision of the statute is to enable the wife to maintain the suit, and it contemplates that the provision shall be made in advance. The performance of services by a solicitor where such provision is not made creates no liability against the husband. The wife cannot bind her husband to pay the expenses of prosecuting an action for separate maintenance or divorce against him, and her solicitor cannot maintain an action at law for such services. (*Dow* v. *Eyster*, 79 Ill. 254.) If, under the guise of a temporary allowance to enable the wife to maintain her suit, a solicitor has a right to recover for services rendered for which no allowance has been made, there would be no difference whatever between that right and the right to maintain an action at law. The only difference would be in the court, and the right would be a right to collect from the husband the value of services rendered for the wife. The statute does not go to the extent of compelling the husband to pay such expenses as she has

seen fit to incur. The statute gives no warrant for a solicitor performing services upon the credit of the husband, in anticipation of an allowance, further than necessary to present the question to the court. The intention of the statute is, that when the wife needs money she shall apply for it, and have an order compelling her husband to pay her such sum of money as may be necessary. (*Beadelston* v. *Beadelston*, 103 N. Y. 402.) From the necessities of the case the solicitor may prepare a 'bill and render such services as may be necessary to present her application to the court, and until there shall be a session of the court, when her application can be made for an allowance, but no further. The decree is not warranted under that provision of the statute.

All such reasonable expenses as the wife has incurred may be allowed, although the services were rendered in the past, in case the wife succeeds in her suit, when they may be taken into account in the final decree. They are allowed in the final decree in cases of divorce. (*Blake* v. *Blake*, 70 Ill. 618.) And the same rule is applicable in cases of separate maintenance. If the suit in this case had proceeded to a decree and Mrs. Steger had been successful, it would have been proper to include in the allowance to her the amount of her counsel's fees earned in the prosecution of the suit; but it was held in *McCulloch* v. *Murphy*, 45 Ill. 256, upon the plainest grounds, that counsel cannot be permitted to insist upon a trial of the issue for the purpose of showing that he would have had a right to a fee upon a final decree in favor of the wife. Mrs. Steger having settled her controversy with her husband, as she had a right to do, and returned to him, there is no power to order the payment of solicitor's fees for past services.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*