The People of the State of Illinois ex rel. Mehan, Defendant in Error, v. David T. Mehan, Plaintiff in Error.

## Gen. No. 21,454.

1. DIVORCE, § 137*—*when wife entitled to attorney's fees for past services in dismissed case.* Where during the pending of divorce proceedings, afterwards dismissed, complainant is allowed solicitor's fees for past services, she is entitled to retain same in spite of the dismissal, it appearing that the payment thereof is necessary in order to enable her to further carry on an action or maintain her defense thereto.

2. APPEAL AND ERROR, § 1270*—*when presumed that chancellor found that allowance of attorney's fees to complainant in divorce action was necessary.* Where nothing but the order in divorce proceedings allowing solicitor's fees is before the court, in the absence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of any evidence to the contrary, the court must presume that the chancellor believed the wife to have a probable cause of action and that the payment of such fees, whether for past services or for future services, was necessary to enable the wife to maintain her action.

3. DIVORCE, § 135*—*when wife entitled to solicitor's fees.* The allowance of solicitor's fees under the Divorce Act, Hurd's Rev. St. ch. 40, sec. 15 (J. & A. ¶ 4230), is not contingent upon a successful termination of the suit, but if it appears at the time of making the request that the wife has a probable cause of action, she is entitled thereto.

4. DIVORCE, § 149*—*when order for allowance of attorney's fees to wife as complainant presumed to be for benefit of defendant.* An allowance of solicitor's fees in an order pending divorce proceedings whereby defendant is permitted to pay $100 within thirty days and the remaining $100 in another thirty days must be presumed to have been for the benefit of defendant himself.

5. DIVORCE, § 139*—*when defendant not relieved from payment of attorney's fees.* The mere fact that the terms for payment of attorney's fees to the wife as complainant are made convenient to the defendant does not relieve defendant of paying them when the suit afterwards terminates in his favor and is dismissed, where the court retains power to compel such payment notwithstanding the dismissal of the bill for want of equity.

6. CONTEMPT, § 70*—*when order of commitment not defective as denying defendant right to purge himself by payment of money.* An order that defendant in contempt proceedings brought on account of his nonpayment of solicitor's fees allowed in divorce proceedings against him, shall be entitled to his relief from imprisonment upon payment of $100 at any time after commitment, but that in default thereof he cannot be held in jail for more than thirty days, cannot be considered fatally defective on the contention that it omits the right of defendant to purge himself by paying the money.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 15, 1916.

ERNEST SAUNDERS, for plaintiff in error.

JAMES E. BROWN, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff in error (defendant below) was found guilty of contempt for nonpayment of solicitor's fees allowed by the court in an order entered June 24, 1914.

This proceeding is the aftermath of a suit for divorce by Telona Mehan, the relatrix herein, against the defendant. In June, 1913 the relatrix filed a bill for separate maintenance, and in November of the same year, a supplemental bill for divorce, upon the hearing of which the cause was dismissed on June 29, 1914, for want of equity. In its decree of dismissal, however, the court expressly retained jurisdiction of the parties for the purpose of enforcing its order of June 24th allowing the relatrix $200 as solicitor's fees.

Defendant, in urging a reversal of the foregoing order, contends, first: "That the dismissal of the bill for want of equity disposed of the entire subject-matter, and that there was nothing left to adjudicate upon; that all interlocutory orders fall on the dismissal." In support thereof he refers us to *Newman v. Newman,* 69 Ill. 167; *Anderson v. Steger,* 173 Ill. 112, and *Chestnut v. Chestnut,* 77 Ill. 346. These cases, defendant contends, establish the rule of law, that where parties have settled the controversy and resumed living together, or where the wife is the complainant and the court finds against her, the court has no power to order payment of solicitor's fees for past services; that section 15 of our Divorce Act, Rev. St., ch. 40 (J. & A. ¶ 4230), wherein it is provided that the husband pay to the wife or into court, for her use during the pendency of the action, such sum or sums of money as may enable her to maintain or defend a suit, contemplates that said provision shall be made in advance. In *Anderson v. Steger, supra,* the court refers to *Beadleston v. Beadleston,* 103 N. Y. 402, as announcing the same principle of law. However, in *Beadleston v. Beadleston, supra,* the court, in reversing an order for solicitor's fees, stated that it based its decision

upon the precise facts there in evidence, and said further, p. 405:

"We have no doubt that an allowance to a wife during the pendency of the action, for some past expense, might be authorized if it were shown that its payment was necessary to enable her to further carry on the action or her defense thereto,"
and in *McCarthy v. McCarthy*, 137 N. Y. 500, the court in announcing the same principle of law said, p. 503:

"Upon such an application, if it should appear that in previously carrying on her action the plaintiff had incurred expense, the payment of which was essential to be made in order that she might further maintain or prosecute her rights, under the judgment, it would be quite within both the letter and the spirit of the statute to comprehend in an allowance the unpaid item of the past."

To the same effect is *Loveren v. Loveren*, 100 Cal. 493 and *Schuster v. Schuster*, 84 Minn. 403, 87 N. W. 1014. In all these States the provision in the statute for allowance of solicitor's fees is practically identical with that in our statute. We have reviewed the decisions of many other States, and find that the foregoing represent the weight of authority. They all hold that although a wife cannot ordinarily obtain an allowance for solicitor's fees for past services, she may receive same where it is shown that the payment thereof is necessary in order to enable her to further carry on an action or maintain her defense thereto. In the Illinois cases cited by counsel and referred to *supra*, the order for solicitor's fees was entered at the time the cause was dismissed, while in the case at bar the order was entered during the pendency of the action (five days before the dismissal and before the hearing).

Defendant further contends that the record in the case at bar shows that the allowance for solicitor's fees was for past services, and consequently the court was without power to enter the order. We have before us only the order itself, which is as follows:

"On motion of complainant herein and upon complainant exhibiting to the court her petition for an allowance of solicitor's fees and an itemized statement attached thereto, enumerating the legal services performed by solicitor for complainant in said cause, and upon evidence heard in open court, both oral and documentary, and it appearing that said defendant has heretofore paid to the complainant on account of her solicitor's fees, the sum of only $25.00, the court finds:

"That the defendant is able to pay reasonable solicitor's fees in said cause:

"Now THEREFORE, IT IS ORDERED, that said defendant, David T. Mehan, pay to the complainant, Telona Mehan, as and for her reasonable solicitor's fees in said cause an additional sum of $200.00, in the manner following:

"One Hundred ($100.00) Dollars of said sum within thirty (30) days and the remaining One Hundred ($100.00) Dollars within sixty (60) days."

While reference is made in said order to the petition praying for an allowance of solicitor's fees and also to an itemized statement, yet neither the petition, the itemized statement nor any of the oral or documentary evidence appear in the record. There is nothing in the foregoing order to indicate that the allowance of $200 was the amount asked for in the petition, or that it equaled the amount shown by the itemized statement of account therein referred to. In the absence of any evidence to the contrary, we must presume that at the time the order was entered, the chancellor was of the opinion that the relatrix had a probable cause of action and that the payment of said $200, whether for past services or for services yet to be performed, was necessary to enable the relatrix to maintain her action.

It must be presumed that when the court entered the order in question, the provision therein allowing defendant thirty days in which to pay $100, and thirty days more in which to pay the remainder, was for the benefit of the defendant and at his request. The allowance of solicitor's fees under our Divorce Act is not

contingent upon a successful termination of the suit, but if it appears at the time of making the request that the wife has a probable cause of action, she is entitled to the benefit of section 15 of our Divorce Act (J. & A. ¶ 4230). The mere fact that the court, in consideration of the husband's circumstances, makes the terms of the payment thereof convenient for him is no reason why the husband should be relieved of paying them when the suit terminated unfavorably to the wife. The payment of solicitor's fees being *in futuro,* it must be presumed that when the court proceeded to hear the case it naturally expected that the order would be obeyed, independently of the outcome of the suit. The court heard the case on this presumption, and counsel continued his services upon a like presumption; and if the court was without the power to enforce the order in question, regardless of the outcome of the suit, the wife would be divested of the benefit of a statute which was expressly enacted in her interest. Recognizing that power, the court reserved, in its decree, the jurisdiction to compel payment of the solicitor's fees: Such a reservation also appeared in the decree in *Anderson v. Steger, supra,* and it was in no way criticised by our Supreme Court. We are therefore of the opinion, from the facts and circumstances in the case at bar, that the court in entering the order of June 24th for the payment of solicitor's fees, did so to enable the relatrix to maintain her action, and that the court had the power to compel a compliance with said order by the defendant, even though the bill was dismissed for want of equity.

Finally it is maintained that the commitment order is fatally defective in that it omits the right of defendant to purge himself of the contempt by paying the money. We cannot concur therein. This order, reasonably construed, can mean only that defendant shall be entitled to his release from imprisonment upon payment of $100 at any time after commitment, but that

in default thereof, he cannot be held in jail for more than thirty days. In *Kyle v. People,* 72 Ill. App. 171 (relied upon by defendant), the order of commitment was quite different from the one now before us.

Finding no reversible error, the order of the Circuit Court of Cook county will be affirmed.

*Affirmed.*