JONES, J..
In this proceeding- in error it is sought to review and set aside the action of the court of common pleas, division of domestic relations, in an action for alimony brought by Madge May Stewart, a wife, against Woodford T. Stewart, her husband, wherein it denied a motion filed .by the attorneys of plaintiff on their own behalf for an allowance of counsel fees and expenses to be paid them by defendant and to be made a charge against his property, and granted a motion made by the defendant to dismiss said case upon the payment by him of costs and enter a judgment of dismissal of said cause.
The facts of the case are stated in the opinion of the trial court which is reported under the name of Stewart v. Stewart, 28 Dec. 173 (20 N. S. 273), where the language of the motions upon which the court acted is given in full.
A motion to dismiss the petition in error was interposed here by defendant in error on the ground that plaintiffs in error were not parties to the case in the court of common pleas, and have therefore no right to file a petition in error to reverse any judgment or order made in said case in that court.
As the same questions are involved, the motion to dismiss was argued and submitted along with the error proceeding itself.
According to the established practice no one can appeal from a judgment or decree, or bring a writ of error to review it, unless he was a party to the action below, or was made so either by an express order of the court to that effect or by being *279 treated as such, or unless be is a legal representative of a party, or bis privity of estate, title or interest appears from tbe record. 2 Cyc. 626.
In Hanover v. Sperry, 35 Ohio St. 244, in tbe opinion of the court MeIlvaine, J., said (p. 245):
“In general, a petition in error must be prosecuted by a party to tbe record. ’ ’
Section 5226 R. S., now See. 1224 G. C., which has been held unconstitutional in Wagner v. Armstrong, 93 Ohio St. 443 [113 N. E. 397], allowed appeals to be taken “by a party or other person directly affected, from a judgment or final order,” but there is no such provision as to error cases, and the rule is that error can ordinarily be prosecuted only by parties to the original action or their privies.
An exhaustive note with the citation of many cases on the right to prosecute error or appeal is found in the report of Switzer, In re, 201 Mo. 66 [98 S. W. 461; 119 Am. St. 731]. In it appears the following language:
“Both by the common law practice and that obtaining in chancery, a writ of error could be prosecuted or an appeal taken only by a party, and this is the rule both in the courts of the United States and in those of all the states purporting to give a right to appeal or to prosecute a writ of error to any party aggrieved. Under these statutes third persons no matter how much they may be prejudiced by the judgment, decree or order, can not obtain its review by appeal or writ of error.”
Among the many cases cited to sustain this position is Reid v. Quigley, 16 Ohio 445.
The general rule is that an attorney can not, in his own name and on his own motion, appeal from a judgment or decree affecting the interest of his client. 2 R. C. L. 735; 2 Cyc. 639; Switzer, In re, supra; National Bk. v. Lanahan, 60 Md. 477; Besancon v. Brownson, 39 Mich. 388; Edwards v. Seaford (Pereyra, Appeal of), 126 Pa. St. 220 [17 Atl. 602]; Steger v. Steger, 165 Ill. 579 [46 N. E. 888]; Anderson v. Steger, 173 Ill. 112 [50 N. E. 665].
“A proceeding for alimony does not invoke the equity powers of the court, but is controlled by statute. The court is *280 only authorized to exercise such power as the statute expressly gives, and such, as is necessary to make its orders and decrees effective.” Marleau v. Marleau, 95 Ohio St. 162 [115 N. E. 1009].
While the court is controlled by statutes and does not exercise general equity jurisdiction in alimony cases, Dewitt v. DeWitt, 67 Ohio St. 340 [66 N. E. 136], it has full power under See. 11994 G. C. to provide for the wife’s sustenance and her expenses during the suit, but the allowance should be made to the wife. It is proper to include reasonable counsel fees — which may be fixed by the court for her attorneys — in the expenses allowed to. her for their benefit. A motion for such allowance, however, should be made by the wife as a part of her necessary expenses, and in such event it is the province of the court and a duty owing by it to its own officers to see that their interests are protected.
A motion for the allowance of counsel fees and expenses was filed in this case without any leave of court, not on behalf of the plaintiff but, as its terms clearly set out, it asked an order from the court to allow a reasonable sum to be paid by said defendant direct to them as compensation for their necessary and proper legal services, to be made a charge upon his real and personal property, and also for certain necessary expenditures made by them as attorneys for plaintiff. The motion first stated that the plaintiff and defendant had agreed upon a settlement of the ease — such statement being made possibly as a reason for filing the motion in their own names, although no leave was asked or given by the court — and the motion finally . asked that the cause be not dismissed until such attorney fees and expenditures had been so determined and paid. No claim was made that counsel were at that time acting on behalf of plaintiff but, although there is nothing in the record to show any direct communication to them from their client to such effect, they seemed to regard the notice of' plaintiff’s desire to dismiss the cause, received by them from counsel for defendant, as an effective withdrawal by her of their power to further act in plaintiff’s behalf
The motion to dismiss the ease was filed not by the plain *281 tiff but by the defendant, but the record shows that an order or request was addressed to the clerk of the court of common pleas by plaintiff directing the dismissal of the cause upon the payment of court costs by the defendants or either of them, and directing further that the property attached by virtue of said suit be released without any charter of claim or lien against it. Plaintiff’s order was dated November 12, 1917, but was not filed in the case until November 30, 1917, the motion to dismiss having been filed November 15, and the motion for allowance of counsel fees was filed November 14, 1917. Under the. provisions of Sec. 13586 G. C. plaintiff had power to dismiss her case at any time before its final submission.
An exhaustive and able brief has been filed by plaintiffs in error, citing 2 Nelson, Divorce and Separation, Secs. 875 et seq., and many cases from other jurisdictions, to sustain their position that an attorney who appears for the. wife and does not look to her for compensation for his services has a right to proceed with an action for alimony with the assurance that a suitable fee will be awarded him by the court, unless his case is without merit or probable cause. This position is sustained by the text and by numerous cases from other states, notably Indiana and New 'York, but these cases are dependent upon the statutes of those states, which differ from the'statutes of Ohio.
It is not deemed necessary to review the cases cited or to farther discuss the question involved, inasmuch as the trial court has rendered a complete and admirable opinion which has been reported as above stated, and which fully meets the approval of this court.
In a case brought by a Avife against her husband where the attitude of the parties is dependent upon the varying moods of persons of opposite sex in the intimate relations brought about by marriage, and conditions make it impractical for counsel to secure themselves reasonable compensation, it would be the part of wisdom to protect their interests by any early application for an allowance of alimony pendente lite sufficient to afford them some remuneration for professional services, always more or less unpleasant for lawyers, but which Avhile of great *282 benefit and necessity to the client are often too lightly appreciated after results have been obtained.
It appears unfortunate that in this case the motion for such allowance was not duly presented on behalf of the wife before, her determination to dismiss the case had been concluded, but under the circumstances of the ease as presented it would appear that the plaintiffs in error have a clear right as against the wife herself, and that the court below was without power to grant the order prayed for.
This court is forced to the conclusion that plaintiffs have no standing here to review the judgment of the court below by their error proceeding in this case, and the motion to dismiss must therefore be granted.
Hamilton and Wilson, JJ., concur.