## Peter Labanauskas, Appellant, v. Julia Labanauskas, Appellee.

### Gen. No. 28,042.

1. DIVORCE—*right of complainant to dismiss bill after entry of decree on default of defendant.* A complainant in divorce, in whose favor a decree has been entered upon default of the defendant, is entitled to have the decree vacated and the bill dismissed notwithstanding the default has been set aside on motion of defendant and an answer filed, where no cross-bill has been filed by defendant and the status of the parties remains the same as before entry of the decree.

2. DIVORCE—*right of wife to suit money and solicitor's fees is dependent upon continuing pendency of suit.* The provisions of Divorce Act, sec. 15, Cahill's Ill. St. ch. 40, ¶ 16, for an allowance of temporary alimony and solicitor's fees contemplate such allowance only in case of the continuing pendency of the suit, and where the husband, after having been granted a decree of divorce after the wife's default, asked to have such decree vacated and the bill dismissed and the wife also asked that the decree be vacated and that her default be set aside with leave to answer, the bill should have been dismissed and an order thereafter entered requiring the husband to pay suit money and solicitor's fees was erroneous, where the status of the parties had not changed and the wife's answer asked for no affirmative relief and she filed no cross-bill.

3. DIVORCE—*when jurisdiction of bill for divorce may not be retained on the ground of fraud.* Jurisdiction of a bill for divorce filed by the husband and upon which a decree in his favor was entered upon default of the wife cannot be retained on the ground of fraud after a motion by the husband to dismiss the bill, where both husband and wife have asked to have the decree vacated and the charge of fraud is contained in the wife's answer filed after her

default was set aside but where she sought no affirmative relief on the ground of fraud and filed no cross-bill and where the husband's motion for dismissal should have been granted.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed. Opinion filed March 13, 1923.

SAMUEL J. ANDALMAN, for appellant.

A. A. WORSLEY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an order committing appellant for contempt for failure to comply with an order of court requiring him to pay alimony and solicitor's fees.

Appellant filed a bill for divorce, default was taken, and a decree for him entered. Later defendant appeared and asked to have the decree vacated and for leave to answer, whereupon the default was set aside, but the decree was not vacated, and defendant, on leave given, answered denying the charges of the bill. About one week later, October 18, 1921, complainant made a motion to vacate the decree and to dismiss his bill, which the court, on its own motion, continued. On the same day, on defendant's motion for solicitor's fees, the court ordered complainant to pay defendant "ten dollars per week, as temporary alimony, from and after the entry of this order, and the further sum of fifty dollars as a temporary solicitor's fees within thirty days from the entry of this order." About two weeks later complainant renewed his motion to vacate the decree and dismiss his bill, but the court ordered it continued until November 30, 1921, "until after the solicitor's fees of defendant shall have been paid as provided by order of court on October 18, 1921," and

on January 18, 1922, entered a rule upon complainant to show cause why he should not be punished for contempt for failure to comply with said order. On January 31, following, complainant answered the rule setting up a state of facts under oath tending to show his inability to comply with the order.

February 20, 1922, the court entered an order denying complainant's motion to vacate the decree and dismiss the bill. From that time on there were various continuances until March 11, 1922, when the order appealed from was entered.

It is a well-settled rule in this State that where no cross-bill has been filed the complainant has the right, at any time before final decree, to dismiss his bill on payment of costs. (*Paltzer v. Johnston*, 213 Ill. 338, 340, and cases there cited.) While a decree had already been entered in this case before the motion to dismiss was made yet the status of the parties' rights was no different than if it had not been entered. Not only had defendant acquired no rights under it so as to be in a position to object to a dismissal of the bill, but both parties were seeking the same result, namely, to have the decree vacated and the bill dismissed.

The suit money which the court may require the husband to pay to the wife under section 15 of the Divorce Act [Cahill's Ill. St. ch. 40, ¶ 16] is for her use "during the pendency of the suit," either to enable her to maintain or defend the suit, or for her support, or both. But if the suit is not to continue, the purposes contemplated by the statute for such an order do not exist. The statute contemplates the allowance to the wife of expenses to be incurred in maintaining or defending her suit, or, if already incurred, where payment thereof is essential to the further prosecution of her rights. (*Anderson v. Steger*, 173 Ill. 112; *People v. Mehan*, 198 Ill. App. 300.) But when the suit has been dismissed, or should be, the conditions con-

templated by the statute do not obtain. Public policy forbids that parties to a divorce suit should be kept in a state of hostile litigation when both are seeking to have it dismissed. It was unquestionably error for the court not to vacate the decree and dismiss the bill when requested. There is no justification in practice for keeping a suit alive to require the payment of alimony or solicitor's fees for which no order had been entered prior to a motion to dismiss the bill. An order for alimony contemplates a need therefor on account of a continuing pendency of the suit, and an order for defendant's solicitor's fees contemplates the necessity of future service.

In was said in *Pingrey v. Rulon,* 246 Ill. 109, 122, that in order to preserve their rights it was not necessary for complainants to proceed further after a motion to dismiss their bill had been denied, and that had the complainants in that case stood by their motion to dismiss—as complainant practically has here, having done nothing that can be construed as a waiver of the motion—"the court would have been without jurisdiction to proceed further."

While this appeal is not from a denial of such motion, and could not be, the refusal to dismiss not being a final order, but is from the order for contempt, and while it is true that a party cannot be justified in disregarding an order of court on the theory that it is void (*People v. Buconich,* 277 Ill. 290) yet regardless of whether the court had jurisdiction to proceed further after the motion to dismiss, we think it was at least an abuse of discretion for the court to enter an order for alimony and solicitor's fees after the motion to dismiss was made, and to keep the case alive for the purpose of enforcing the same, contrary to chancery practice and the intendments of the statute, and that such abuse calls for a reversal of the order appealed from. If such an order can be upheld we see no reason why the court could not keep the case alive

indefinitely merely for the purpose of compelling the husband to pay. alimony and solicitor's fees. If, after dismissal of the bill, complainant fails to perform his marital duties the wife is not without her remedies.

It is urged that because the order denying dismissal of the bill recites that complainant is charged with fraud in obtaining the decree the court could properly retain jurisdiction on the ground of "fraud." The charge referred to was made in defendant's petition to have the decree vacated and to be permitted to answer. As both parties asked to have the decree vacated, it should have been granted. But defendant was not otherwise seeking affirmative relief on the ground of fraud or any other ground. She filed no cross-bill. It is clear, therefore, that the court violated the well-established practice in attempting to retain jurisdiction of the case, and while we cannot on this record direct a dismissal of the bill, and complainant's right thereto should be recognized, the order appealed from will be reversed for the abuse of discretion in entering the same and the order upon which it was founded.

*Reversed.*

MORRILL and GRIDLEY, JJ., concur.