William B. Ratner et al., Trading as Ratner, Chapman & Ratner, Appellees, v. Edith Bartholomee, Also Known as Edith Bailey, Appellant.

Gen. No. 38,272.

Opinion filed November 12, 1935.

IRVING BREAKSTONE, of Chicago, for appellant; WILLIAM ROSENTHAL, of Chicago, of counsel.

No appearance for appellees.

Mr. Justice Matchett delivered the opinion of the court.

Plaintiffs, copartners in the practice of law, sued defendant in the municipal court for an alleged balance claimed to be due in the sum of $150 for legal services rendered in an action for divorce brought by defendant against her husband in the superior court of Cook county. The statement of claim averred that this sum was allowed in full of attorney's fees in a decree entered in the divorce proceedings. The summons issued March 14, 1935. Defendant entered her appearance with demand for trial by jury on March 25th. By reason of the small amount of the claim under the rules of the municipal court the cause was assigned to the small claims calendar. An affidavit of merits was therefore unnecessary.

Plaintiffs made a motion for a summary judgment in their favor. The motion was based upon the theory that the provisions of the Civil Practice Act with reference to judgments of that character was applicable. (Ill. State Bar Stats. 1935, ch. 110, sec. 57, p. 2446.) The affidavit of William B. Ratner, to which was attached substantial portions of the record of the superior court in the divorce proceeding, was offered in support of the motion. The affidavit discloses that the services were personally performed in behalf of plaintiffs' firm by the affiant; that the services were the usual ones in such a proceeding and included the preparation and filing of the bill, the obtaining of an order for alimony and solicitor's fees *pendente lite,* the entry of an injunction restraining the husband from transferring his property, and conferences with his attorney with reference to the proceeding; that the cause came on for hearing and "after a conference with the Judge and opposing counsel," it was agreed to allow Mrs. Bailey an uncontested divorce and leave the matter of alimony to the discretion of the court

after hearing the various witnesses; that such decree was entered, and a copy of it was attached; that it ordered:

"That the defendant pay to Ratner, Chapman & Ratner with the consent and direction of the plaintiff, the sum of $150 as additional attorneys' fees in the following manner: The sum of $75 upon the date of the entry of this judgment and the balance of $75 not later than sixty days from the entry of this judgment."

The affidavit further set up that on the next day, defendant, having procured the services of another solicitor, whose appearance was substituted for that of affiant, made a motion before Judge David to vacate the decree; that Judge David continued the matter to be heard before Judge Desort, by whom the original decree was entered; that defendant in the divorce case filed a motion for a change of venue from Judge Desort, which was granted by him, and the cause was reassigned to Judge Allegretti, who insisted that a motion by defendant to modify the decree should be heard by Judge Desort; that Judge Desort refused to hear the motion; that Judge Allegretti then set the cause for hearing, struck defendant's original petition to set aside the decree as scurrilous, whereupon defendant filed an amended petition; that the hearing thereon was continued from time to time until February 28, 1935, when after hearing defendant's testimony Judge Allegretti denied the prayer of her petition and ordered that the original decree entered July 16, 1934, stand; that the husband of defendant delivered to her a check for $100 in full payment of attorney's fees as provided by the decree; that Mrs. Bailey refused to pay the fees to plaintiffs, whereupon Mr. Davis, attorney for Mr. Bailey, appeared before Judge Allegretti to obtain an order directing to whom payment should be made; that the motion was continued by agreement "in an endeavor to obtain" defendant's consent; that when the

matter came up again she still refused to pay plaintiffs' fees, whereupon the court entered an order impounding the check "in Mr. Davis' hands, directing same to be held by the Clerk of the Superior court of Cook county and ordering the plaintiffs herein to institute immediate suit for the collection of said fee; that the defendant herein has no meritorious defense to this suit and is justly indebted to these plaintiffs in the sum of $150, no portion of which has been paid to them; that there are no just deductions, credits or set-offs against this claim.''

In response to this affidavit defendant filed an affidavit of defense denying the jurisdiction of the municipal court to enter a summary judgment. She admitted that plaintiffs were her solicitors in the divorce suit; that another attorney was substituted; averred that she was not properly represented by plaintiffs; that plaintiffs failed to secure payment of temporary alimony, of which she was in need; that she was compelled to collect the alimony without the aid of plaintiffs; that when she complained to plaintiffs of their laxity she was informed by them that they had been promised some business from her estranged husband's ex-father-in-law, and that they feared to press her action with vigor lest they might jeopardize this new contract for future business; that on July 10, 1934, William B. Ratner appeared in court with defendant and one of Mr. Bailey's counsel also appeared; that thereafter the attorneys retired to the judge's chamber and agreed upon the terms of a decree without consulting her and considering her best interests in the divorce proceedings; that it was not proper for plaintiffs to agree that no alimony should be paid to her when they knew of her dire need, she being ill; that they did not attempt even to obtain the furniture which had been purchased with her money; that plaintiffs did not "represent this affiant with the usual skill, care and duty that is exer-

cised by the ordinary attorney practicing in these several courts.'' The affidavit of defense went on to state:

''Therefore, this affiant denies that she is indebted to the plaintiffs herein in the sum of one hundred fifty ($150.00) dollars, or in any other sum, whatsoever.

''This affiant . . . states the fact to be that the defendant in the divorce action did pay to the plaintiffs herein court costs, so the plaintiffs herein retained the sum of sixty-nine ($69.00) dollars, which rightfully belongs to this affiant, and affiant further denies that she has no set-off against the plaintiffs herein for she states the fact to be that due to the fact that she was not properly represented, she is entitled to the return of all sums advanced by her to the plaintiffs herein.''

The question whether the municipal court of Chicago is authorized to make use of the summary judgment method prescribed by the Civil Practice Act is interesting, but this record does not, in our opinion, present a question concerning the jurisdiction of the court but rather a question of the practice in the court.

Section 19 of the Municipal Court Act provides that with certain specified exceptions, the practice is to be as near as may be that which may from time to time be prescribed by law for similar cases and proceedings in the circuit courts, and that the municipal court is to be the sole judge of the applicability to the proceedings of the court of the rules of practice prescribed by law for similar cases in the circuit courts. The act further provides that the decisions of the municipal court in respect thereto are not to be subject to review upon appeal or writ of error, except when such review is necessary to prevent a failure of justice. Section 20 of the same act gives the judges power to adopt rules in addition to or in lieu of the provisions of the act prescribing the practice. The order of the judges of the municipal court entered November 1, 1933 (Book of

Civil Practice Rules and Forms, p. XXXIV) does not state whether the rules are to be in lieu of or to be in addition to the circuit court rules. We presume, however, that they should be regarded as additional rules unless the contrary plainly appears from the rules themselves as adopted. Rule 308 expressly declares that the Civil Practice Act provisions are applicable, unless they are inconsistent or in conflict with the rules. They are not inconsistent or in conflict if they can be given effect without rendering the rules adopted by the judges inoperative, or permitting the court to take steps which the rules either expressly or impliedly forbid. In order to determine whether there is inconsistency or conflict, a comparison of these rules with the Civil Practice Act provisions is necessary.

Rule 111 provides for a judgment by default in the case of a claim for a debt or liquidated demand when the plaintiff's claim is verified by affidavit, other than one on information and belief, where defendant's defense is not verified. This is summary judgment procedure, although it is not called by that name in the rule. The Civil Practice Act (section 57) does not purport to prohibit such method of procedure, but simply provides for additional method by which a judgment can be obtained without delay when the defendant is unable to state and verify, by affidavit or otherwise, a good defense, upon full opportunity given to do so.

Some force must be given to the provisions of section 19 of the Municipal Court Act, which makes the court the exclusive judge of whether circuit court rules are applicable in the municipal court when the decisions do not result in injustice. The rules do not purport to nullify that provision nor the provision of section 52 that if the method of procedure in any case within the court's jurisdiction is not sufficiently prescribed by the act, or by any rule of court adopted in pursuance thereof, the court may conduct and dispose

of the same as the court may deem proper for the just determination of the rights of the parties. Moreover, Rule 307 forbids the setting aside of a judgment on account of any departure from a rule of practice when it clearly appears that no injustice has resulted therefrom to the party complaining. The legislature by adopting section 57 of the Civil Practice Act has, in effect, declared that its provisions for summary judgment are not such as will operate unjustly in other courts. There seems to be no reason why these rules should be held to operate unjustly in the municipal court.

The question of whether the municipal court is authorized to make use of the summary judgment method prescribed by the Civil Practice Act is not, as we have already said, a question of jurisdiction, but one of practice. The use of the method is not expressly forbidden by the Municipal Court Act, nor forbidden by or inconsistent with any of the rules adopted by the judges of the court. Such use therefore is subject to review only in case it has resulted in an unjust judgment.

While the court was not without jurisdiction, it must be held that, in view of the facts averred in the affidavits, it was error for the court to enter a summary judgment. The averments of fact to the effect that a settlement was made of defendant's case without consulting defendant, the averments as to the manner in which her interests were, as she says, neglected, the averments to the effect that she paid money to plaintiffs on account, together with her denial under oath that she was indebted to them, raised an issue of fact which, under section 57 of the Civil Practice Act, required the cause to be submitted to the jury. The fees allowed by the divorce decree belong to defendant, not to plaintiffs, although they were her solicitors. *Anderson v. Steger,* 173 Ill. 112. She was not obligated to turn these over to plaintiffs or to pay the amount

thereof to plaintiffs unless she was in fact indebted to them. She denied that she was indebted and stated facts which if true would have raised a question for the jury.

We express no opinion, of course, upon the merits of this controversy. We are aware that the rendition of services by solicitors in cases of this kind create difficult and delicate situations, and that in connection therewith solicitors are often unjustly blamed. However that may be, the affidavit submitted in this case disclosed an issue of fact, with demand for a trial by a jury, which could not properly be ignored by the trial court. We may add that plaintiffs have not appeared in this court to support the judgment.

For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., and O'Connor, J., concur.